## Shapleigh et al. v. Hull.

1. Pleading.

While the complaint in an action to remove cloud from title alleged that the deed attacked was acknowledged, it contained no allegation that the plaintiff did not acknowledge it. Nevertheless, it did allege that the deed was "fraudulent, forged, and without plaintiff's consent, and in fraud of plaintiff's rights," and "that said warranty deed, purporting to have been executed and delivered by plaintiff to said Leimbach, on * * *, is false and fictitious, and was never executed by the plaintiff; that plaintiff has not sold or conveyed any of his interest in said property." *Held,* a sufficient statement not only that the deed was a forgery, but that the entire instrument was false and fraudulent.

2. Practice in Equity Cases—Two Witnesses.

The rule in equity practice, that where an answer under oath is responsive to the bill, the plaintiff, to prevail, must overcome it by the evidence of two witnesses, or of one witness and strong corroborating circumstances, has been abrogated by the code.

3. Evidence—Acknowledgment—Impeachment.

The testimony of a notary public who has given a certificate of acknowledgment to a deed is not admissible to impeach it.

4. Mechanic's Lien.

Generally, a mechanic's lien attaches only to interest in the realty of the one who causes the improvement to be made. It may, however, in some cases, be limited in its operation to the structure itself. Yet, when a vendee, owning an equitable title, contracts for the erection of a building upon the express authority or requirement of his vendor, the lien attaches to the interest of both vendor and vendee in the premises.

*Appeal from the District Court of Arapahoe County.*

Action to remove cloud from title, commenced by ap-

pellee, George T. Hull, who alleges that on November 10, 1890, he was owner and in possession of lots " B " and " C," in resubdivision to lots 1, 2 and 3, in block 2, Highland Park; that at the date mentioned the plaintiff entered into the following agreement with one C. William Leimbach :

" This agreement, made Nov. 10th, 1890, between George T. Hull and C. Wm. Leimbach, witnesseth, that said George T. Hull agrees to sell and that said C. W. Leimbach agrees to buy lots B and C in sub-lots 1, 2 and 3, in block 2, Highland Park, for the sum of twenty-five hundred ($2,500) dollars, sixty days after the date of this agreement, together with interest at eight per cent per annum.

" Said C. W. Leimbach agrees to erect upon said lots two houses, to cost not less than $3,500 each. Work on said houses is to be commenced at once. Geo. T. Hull agrees upon payment of $2,500, together with interest as aforesaid, to deliver a good and sufficient title for said lots to C. W. Leimbach.".

Afterwards Leimbach began the construction of two houses on the property in accordance with the written contract, and made certain contracts for the performance of labor and furnishing of material with others, including the defendants. Plaintiff alleges that he has no knowledge as to the amount of such contracts, or the amounts due thereon, and avers that he assumed no responsibility therefor.

He also avers that on December 13, 1890, an alleged warranty deed, dated December 1, 1890, and purporting to have been acknowledged December 2, 1890, was recorded in the county clerk and recorder's office of Arapahoe county. Plaintiff alleges that he is named as the grantor in said deed, and that it purports to convey his title to Leimbach, and avers that this deed is fraudulent, forged and made without plaintiff's consent, and in fraud of his rights.

It is further alleged that subsequently Leimbach executed and delivered to George A. Shapleigh, one of the defendants, a trust deed on the premises to secure the payment of a certain note for $5,000 to one Sawyer, with interest at eight per

cent per annum, payable five years after date, and attached thereto certain coupon interest notes; that this deed was acknowledged on the 13th day of December, 1890, and duly recorded.

Plaintiff avers that Leimbach had no title to the property, or authority to execute the deed; that the same was executed without the knowledge or consent of the plaintiff, and in fraud of plaintiff's rights; that no consideration was paid therefor, and that the deed did not refer to the trust deed before mentioned; that the defendants and others have placed mechanics' liens upon said property, and are seeking to hold the plaintiff responsible for various sums which they claim are due from Leimbach; that defendant, Leimbach, has failed to pay the sum of $2,500 due plaintiff on January 10, 1891, for the property, as provided in the contract between the plaintiff and Leimbach; and avers that plaintiff is the owner and entitled to the possession of the premises, free and unhindered by the defendants or any of them.

It is also averred that the warranty deed executed by Leimbach on December 2, 1890, is false and fictitious, and was never executed by the plaintiff; that plaintiff has not sold or conveyed any interest in said property, except as in the contract hereinbefore set out, which said contract has by its terms expired, and is of no effect; that plaintiff is now in the full possession of the premises in controversy, and is entitled to continue in such possession without let or hindrance from the defendant.

It is also averred that the pretended title hereinbefore set forth and the so-called liens constitute a cloud upon the title of plaintiff to said premises, and should be set aside and declared void. Plaintiff asks that the cloud created by said conveyance and mechanics' liens be set aside, and for general relief.

To this complaint the defendants filed separate answers under oath. These answers set forth in full the facts upon which they rely to establish their respective liens. An answer was also filed by Martha J. Sawyer, denying all allegations

of the complaint, and asking that she be decreed a lien on the premises for the amount advanced by her upon the trust deed executed by Leimbach.

Upon these issues the case was tried to the court without a jury. The trial resulted in certain findings of fact in favor of the plaintiff to the effect that the deed purporting to have been executed by the plaintiff to the defendant, Leimbach, was never executed by plaintiff, but that the same is false and forged.

The court further found that certain defendants were entitled to liens upon the building erected upon the property in controversy, and also that the defendant, Martha J. Sawyer, the beneficiary in the trust deed made by Leimbach, is entitled to recover thereon the sum of $2,730, subject to the prior liens of the mechanic's and material men.

Upon these facts the court entered a decree that all buildings erected upon the lots in controversy should be sold at sheriff's sale, as upon execution after proper advertisement, the purchasers to have thirty days to remove the buildings, and the proceeds to be divided among the defendants in order of the priority of their liens.

It was further decreed that the deed bearing date December 13, 1890, purporting to have been made by plaintiff to the defendant Leimbach, is null and void, and of no effect. It was further ordered that Leimbach pay within thirty days to said Hull $2,500 with interest; and that upon the failure to make such payment within ninety days, he should be forever barred from claiming any interest in the real estate ; and further, that any or all the defendants, whose liens had been established on said property, might pay the above mentioned amount to the plaintiff in the manner and within the time provided, and that upon such payment they should be subrogated to the plaintiff's rights to the property.

It was also ordered that in case the property should be insufficient to pay the amounts of the liens thereon, the respective parties may have judgment and execution against the defendant, Leimbach, for the amount of the deficiency.

From this decree no appeal was taken by Leimbach, but each of the lien claimants filed and perfected an appeal to this court.

Mr. JOHN P. HEISLER, Mr. J. WARNER MILLS and Mr. CHARLES H. BURTON, for appellants.

Mr. JOHN HIPP, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

It was claimed in the district court that the complaint fails to state facts sufficient to constitute a cause of action.

The insufficiency of the complaint in this respect was raised first by demurrer, and afterwards by objection to the introduction of evidence; and the objection is now renewed in this court. It will be noticed that the complaint alleges that a deed from Hull to Leimbach was acknowledged, but the complaint does not allege that the appellee, Hull, did not acknowledge such deed. The argument of counsel upon this pleading is, that Hull having alleged the acknowledgment of the deed should be required, in order to make out a case against the defendants, to attack the acknowledgment as well as the deed by proper and sufficient allegations of fraud.

The complaint, however, does allege that the deed was "fraudulent, forged, and without plaintiff's consent, and in fraud of plaintiff's rights." And again, "that said warranty deed, purporting to have been executed and delivered by plaintiff to said Leimbach on December 2, 1889, is false and fictitious, and was never executed by the plaintiff; that plaintiff has not sold or conveyed any of his interest in said property, except in the contract hereinbefore referred to." Those allegations must be taken as a sufficient statement, not only that the deed was a forgery, but that the entire instrument is false and fraudulent, and that plaintiff has never conveyed any interest in the property by this or any other deed.

The proof of forgery in this case is strong and convincing. Plaintiff not only swears that he never executed or acknowledged any deed to the premises in controversy, but also that no part of the consideration has been paid to him by Leimbach or any one for him. It is also shown that soon after the alleged deed was placed upon record, Leimbach succeeded in securing quite a sum of money upon the Austin trust deed. This money was raised upon a chain of title in which the forged deed, purporting to have been executed by Hull, constitutes an essential link. The defendant left the state as soon as he secured this money, leaving his contractors in the main unpaid. He could not be induced to return; and neither party was able to secure his evidence to be used at the trial, or to obtain the deed in question.

Leimbach, however, filed an answer, sworn to without the state, in which the allegations of the bill are denied; and counsel now contend for the application of the rule in equity, that where the answer is responsive to the bill, the plaintiff, to prevail, must overcome it by the evidence of two witnesses, or of one witness and strong corroborating circumstances.

The correctness of this rule in jurisdictions where the equity practice prevails as formerly will be conceded. The rule, however, has no application under the Civil Code. Under the former practice, the plaintiff could bring the defendant before the chancellor and compel him to answer upon his conscience, thereby making his adversary his own witness; and it was not unreasonable, under such circumstances, to hold that he was bound by this answer under oath, unless he could disprove it in the manner indicated; but under the code, all parties are allowed to testify, and a bill of discovery is practically obsolete. The pleadings, under our system, are for the purpose of making the issues, leaving the same to be decided upon the weight of evidence introduced at the trial. *Conger v. Cotton*, 37 Ark. 286.

The certificate of acknowledgment upon the deed was made by one Percy Austin, a notary public. Austin was allowed to testify at the trial against the objection of the

defendants.   He was offered as a witness for the plaintiff to
impeach the certificate, and his evidence should have been
excluded, when so offered.   This error we regard as entirely
harmless, however, as the evidence of the witness tends as
much to sustain his certificate as to overthrow the same.

The district court by its decree limited the operation of
the liens of the mechanics and material men to the structure
itself, and refused to extend the same to the lots.   This
would be proper if Hull had merely sold the lots, leaving it
with Leimbach to improve them or not, as he might elect, as
the rule is well settled that the lien in such case attaches
only to the interest of the one who causes the improvement
to be made; but in this case, by the contract of sale, Leim-
bach was not only authorized to construct the houses, which
he afterwards did construct, but he was required so to do.
In other words, the building of the houses was not only
authorized, but enjoined, by Hull, the owner of the land, by
the very terms of the written contract.

Under these circumstances, the interest of the vendor in
the real estate, as well as that of the vendee, became subject
to the liens of those furnishing the labor and materials for
the construction of the houses under the contract of sale.
This rule is not only supported by sound reason, but it is
now well settled by authority.   *Henderson et al. v. Connelly*,
123 Ill. 98 ; *Davis v. Humphrey*, 112 Mass. 309 ; *Bohn Man-
ufacturing Co. et al. v. Kountze et al.*, 30 Neb. 719 ; *Hill et
al. v. Gill et al.*, 40 Minn. 441 ; *Hickey v. Collom et al.*, 47
Minn. 565 ; Phillips on Mechanics' Liens (3d. ed.), sec. 69.

The district court correctly decided that no lien was
created by the Austin trust deed, executed by Leimbach, the
deed from Hull to Leimbach being a forgery.   For the
reasons given, the judgment of the district court will be
reversed, and the cause remanded with directions to enter a
decree in accordance with this opinion.

                                        *Reversed.*