Gunter, J.
*342 Appellee Howe, as owner, leased to Kimball and Havens, for a term of three years, certain mining-property with the buildings, mills, machinery, tools and other equipments theretofore used in mining the same. The lease provided an option of purchase. Obligations of the lessee, imposed by the lease and pertinent to this ruling were to mine, operate and develop the property; to keep books of account wherein should be set down in detail all the expenses of operation, the amount paid for each item of mining supplies, tools, repairs and improvements, and to keep all buildings, machinery and structures in reasonable repair during the term.
The lease further provided for a forfeiture of the lease and option in the event of a breach of any of the covenants thereof. The lease ran from October, 1892. September, 1893, it was extended for one year. July, 1894, it was assigned to Davis, trustee, and August, 1894, was by him assigned to The Holy Cross Gold Mining and Milling Company. This company immediately after the assignment to it, entered into possession of the demised premises and remained in possession thereof until October, 1897. July, 1895, a contract between Howe and the Holy Cross company was entered into extending the original lease and contract three years, whereby Howe agreed to sell and the company to buy the demised premises, and to make payment therefor on or before October 1, 1899. Until the determination of this contract by time, payment or forfeiture, the company covenanted to mine and operate the premises, and to devote all of the proceeds of ore extracted therefrom to the permanent development of the property, unless the proceeds so realized were in excess of the amount that could be so expended, in which event such surplus was to be divided between the vendor and vendee.
Except as modified by this extension contract, the *343 terms of the original lease and contract were adopted as a part of the new agreement. Under the new agreement the future relation between the parties thereto was that of vendor and vendee.
September, 1897, the Holy Cross company having violated the terms of the new contract, Howe declared the contract forfeited and resumed possession of the property covered thereby, taking possession also of all improvements thereon.
The Holy Cross company while in possession of the premises under the contract to purchase, of July, 1895, and while mining and operating the same for “the sole purpose of developing and improving the same, and to advance and carry out the objects and purposes for which the said property is valuable only, and as a part of the mining enterprise embraced in all of the demised premises,” as admitted by the answer, purchased and attached to the property, and used in operating the same, certain mill fixtures and an ore crusher. It also for the purpose of operating the property and developing the same, under the terms of the extension contract — the contract to purchase — bought for the property ore cars, drills and drill supplies. A lien was sought agaist the interest of the owner, Howe, in the premises for the mining equipments and supplies so furnished. This the lower court denied. From the ruling is this appeal. There was no evidence, the above facts appear from the pleadings.
From the foregoing facts it appears that Howe agreed to sell and the company to buy the premises; that the company was authorized by, and obligated to the vendor to mine, operate and improve the property; that such obligation was one of the conditions of the contract of purchase; that all proceeds of the mining were to go into the improvement of the property; that after the original lease had become a con *344 tract to purchase, in carrying out such contract the Holy Cross company made the improvements and purchased the supplies for which the lien is claimed, and for which such company is indebted to appellant.
Considering the character of the property leased, the apparent manner, from its equipments in which it had prior to the lease and contract been operated, the length of the terms for which the contracts to the original lessee and the assignee ran, the fact that the property was to be kept up, the parties must have contemplated that in operating and developing the property it would be necessary to purchase mill fixtures and other mining equipments and supplies. In carrying out the obligation to operate, develop and improve this property it was as necessary to have mining supplies and equipments as it is necessary to have building materials and workmen in carrying out a contract to erect a building upon land. There was authority by the vendor and an obligation by the vendee to make the improvements in question, such obligation was one of the conditions of the contract to purchase.
The facts bring this case within Shapleigh v. Hull, 21 Colo. 419, 41 Pac. 1108; Colorado Iron Works v. Taylor, 12 Colo. App. 451, 55 Pac. 942.
In first cited case Hull agreed to sell and Leimbach to buy certain lots, upon which the latter agreed to erect houses. Materials were purchased for construction of such houses and a lien claimed therefor against the interest of Hull in the land, he having taken possession of the premises and improvements on account of the forfeiture of the contract of sale. The court said: “The district court by its decree limited the operation of the liens of the mechanics and material men to the structure itself, and refused to extend the same to the lots. This would be proper if Hull had merely sold the' lots, leaving it with Leim *345 bach, to improve them or not, as he might elect, as the rule is well settled that the lien in such ease attaches only to the interest of the one who causes the improvement to be made; but in this case, by the contract of sale, Leimbach was not only authorized to construct the houses, which he afterwards did construct, but he was required so to do. In other words, the* building of the houses was not only authorized, but enjoined, by Hull, the owner of the land, by the very terms of the written contract.
“Under these circumstances the interest of the vendor in the real estate, as well as that of the vendee, became subject to the liens of those furnishing the labor and materials for the construction of the houses under the contract of sale.”
In the Taylor case, supra, an original lease contained an option to purchase, the option merged into a contract by the one party to sell and by the other to buy. As a condition of the contract the proposed purchaser was obligated to place certain machinery upon the property involved. In pursuance of the contract the machinery was purchased and placed upon the property. The option contract was forfeited and the vendor took possession of the property in its improved condition. The contractor furnishing the material claimed a lien upon the interest of the vendor in the land for the amount due upon the machinery. The court held it entitled to the lien.
We think the lower court erred in failing to decree the lien herein.
The above facts appear from the pleadings. No reason appears for a new trial.
The judgment will be reversed with instructions to the court to enter judgment for plaintiff for the amount prayed, and for a lien of such judgment upon the Pelican Extension and Little Mollie lodes, and the mill located thereon. Reversed.