Cunningham, J.
This is an appeal from a judgment rendered by the district court of Boulder county, in favor of ap *163 pellee, plaintiff below. The action was to foreclose a mechanics lien upon certain mining property in Bonlder county, said lien having been filed to secure the payment of money due to Empfield, and others who had assigned their claims to him, for work and labor performed upon the mining property in question.-
It appears that Pike and Nelson, the owners of the mining claims, entered into a written contract or agreement with one Gordon. This agreement was not a bond and lease, or option, as the record discloses counsel for appellant, and the appellant Pike, who was called as a witness, throughout the record term it. It is true that the instrument provided for certain royalties, but these royalties were to be credited as a part of the purchase price. There is scarcely a paragraph in the instrument but what contradicts the theory that it was an option dr bond and lease. Gordon bound himself absolutely to buy the premises. In the first paragraph of the agreement appears the following: “That the parties of the first part are desirous to sell and party of the second part (meaning Gordon) is desirous of and has agreed to purchase,” etc. True, there was a forfeiture clause in the instrument in the event the payments reserved were not promptly met by Gordon, but this feature is usually found in all agreements of purchase where there are deferred payments. In the ninth paragraph of the instrument, Gordon agrees: “To pay for said premises hereinabove mentioned the said purchase price of $50,-000 on the day and dates mentioned therein, and at the place as hereinabove set forth.”
*164 Under the agreement of purchase and sale, Gordon was given possession, and he was required, among other things, to work the mine “with due regard to the development and preservation of the same.” He was also required by the agreement to work “at least one hundred shifts under ground in and during each calendar month, * * * to promptly pay for all labor and supplies to be done for and furnished.” Likewise, provision was made requiring him to keep posted the usual notice on the premises, to be signed by Nelson and Pike, to the éffect that they would not be liable for supplies, labor, machinery, material, etc., furnished to the mine or premises. Another condition of the agreement required Gordon to monthly report to one L. J. Talbott of Kansas City, Missouri, who is described in the instrument as the representative of the owners of the property, said report to show the amount of work that had been done each month, shipments, etc. Defendant Pike was called as a witness, by the plaintiff under the statute, and was also called later by counsel for appellants. While he testified that he had. no personal knowledge of any work being done on the premises, yet he admitted that Gordon told him that he was working-on the property, carrying out the conditions of his agreement in that respect, and he admits that he also supposed that Gordon did have labor employed. It can hardly be questioned that that was the understanding and intention of all parties, since by the terms of the agreement of purchase and sale, it was apparent that one man, Gordon, could not do one hundred shifts a month, which was the minimum amount required, and these shifts must all be *165 done under ground. Moreover while it appears from Pike’s testimony that he received no report from Gordon, other than his statement above referred to, yet there is nothing to show that Gordon may not have reported to Talbott at Kansas City in all respects as he was required to do.
Counsel for appellants contends that they could not be held liable for the character of work for which the lien was filed, viz.: that of ordinary mining, and also, that appellants could not be held liable for any contract for services of this sort made with the lessee. As we have pointed out, the relation between Gordon and appellants, created by the written instrument, was not that of lessor and lessee, but of vendor and vendee. Since the instrument provided that the work should be done “with due regard to the development and preservation of the mine” and also provided for assessment work on certain claims embraced in the group of properties sold that had not been patented, so as to protect the said claims from forfeiture,, and the evidence tending’ to show that the work was so done,' under the mechanic’s lien act of 1899 as construed by the decisions of this state, and especially under the decisions of this state applicable to an agreement of -purchase and sale, appellee was entitled to a lien.— Shapleigh v. Hull, 21 Colo. 419; Colo. Iron Works v. Taylor, 12 C. A. 451.
The authorities relied upon by appellants were all cases determined by the supreme court of this ■state prior to the mechanic’s lien act of 1899.
The constitutionality of this act is called in question, but the same is not argued to any extent in *166 the brief of appellants, and no authorities are cited to support the contention that the act is unconstitutional.
The law provides a plain and simple method whereby the appellants might have escaped all lia-bility, had they followed the law, viz.: the posting of the proper notice on the premises. Having provided in the agreement of purchase and sale with Gordon that he should keep the same posted, they thereby made him their agent for that purpose, and they cannot avail themselves of his failure or neglect in this behalf.
The further contention is made by appellants that because the evidence showed that Pike and Nelson owned one of the claims described in the lien jointly, and another one of the claims was owned entirely by Nelson that, therefore, no joint judgment could go ag’ainst them, and that the lien could not cover both claims. This contention is not sound. Pike and Nelson entered into' a joint agreement of purchase and sale of the entire group with Gordon. Nothing was said in this agreement as to how the property was owned, except that both represented themselves as the owners of the claims. The evidence tended to show that the work done upon the property was calculated to improve the claims owned jointly, and the claim owned separately by Nelson. They jointly put Gordon in possession as vendee, and jointly required that he have the work herein-above referred to done upon the claims. Under this state of affairs, it is not at all important how the title to the claims were vested in the two men. If the work done upon them could have been "easily divided and the benefits to each claim without *167 trouble estimated, then under proper proof, it might have been proper to have imposed a lien upon each claim in proportion to the benefit that had accrued to it, providing the claims had been owned separately. It was not shown that this could be done, and the burden was not upon the appellee to make such showing. — Fullerton et al. v. Leonard, 3 S. D. 118.
We are of the opinion that the judgment of the trial court, with the exceptions hereinafter pointed out, was clearly correct, and this whether under the mechanic’s lien act of 1899, or because of the nature and character of the agreement between appellants and Gordon, which, as we have seen, was that of purchase and sale.
The mechanic’s lien claim as filed, described the property sought to be charged as follows: “The property to be charged with such lien is described as follows: The Golden Age Lode, being Patent Survey No. 647, and the Sentinel Lode, the location whereof is recorded in Book 116 at page 399 of the Boulder county records of the Central Mining District, Boulder county, Colorado.” The judgment of the trial court decreed a lien upon additional property, to wit, The Rambler Lode, apparently upon the theory that they were all a part of a group of claims which the evidence shows was sometimes referred to as The Golden Age group. We think the lien could not properly be extended by evidence introduced on the trial. Therefore, the judgment should be corrected by excluding the Rambler Lode from the decree.
*168 The judgment of the trial court will be affirmed ' with directions that the decree be modified to conform with the views herein expressed.

Affirmed.

Walling, Judge, not participating.