## No. 12,654.

Thompson et al. *v.* Board of County Commissioners of Mesa County et al.

(14 P. [2d] 194)

Decided June 27, 1932. Rehearing denied September 12, 1932.

Mr. Guy V. Sternberg, Mr. E. B. Adams, Messrs. Pershing, Nye, Tallmadge, Bosworth & Dick, for plaintiffs in error.

Mr. Clarence L. Ireland, Mr. Fred R. Wright, Mr. R. H. Walker, Mr. Sam B. Berry, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

The question here presented is the validity of two resolutions of a board of county commissioners ordering the sale by the county treasurer of certain tax certificates held by the county, and subsequent proceedings thereunder.

These parties appear in the same order as in the trial court and for convenience we hereinafter refer to plaintiffs in error as plaintiffs, to defendants in error as

defendants or as the commissioners and the Klein company respectively, and to the county treasurer of Mesa county as the treasurer.

This was an action to nullify said resolutions, abrogate sales thereunder, enjoin the issuance of deeds based on such sales, compel an accounting for all redemptions therefrom by property owners, hold the purchasers of the certificates from the county as trustees of all property and money involved, compel the transfer thereof to the treasurer, and enjoin all further acts based upon the questioned resolutions.

The complaint was amended and the commissioners and the Klein company answered. Motions and demurrers filed and disposed of need not here be noticed. The cause was tried to the court and at the close of plaintiffs' evidence, December 18, 1929, defendants' motion to dismiss was sustained and judgment entered accordingly. To review that judgment plaintiffs prosecute this writ.

Section 7409, p. 1893, C. L. 1921, provides for striking off to the county, at face, real estate offered for sale for taxes with no bids, and the issuance of certificates to the county. Chapter 152, p. 612, L. 1927, authorizes the treasurer to sell such certificates to any person who desires to purchase them, on payment of "such sum as the board of county commissioners * * * at any regular or special meeting may decide and authorize by order duly entered in the recorded proceedings of such board."

March 8, 1928, Mesa county had on hand approximately 2,375 such certificates from the sales of 1893 to 1927, inclusive, of the approximate face value of $325,000. At their regular meeting of that date the commissioners passed a resolution ordering the treasurer to sell the bulk of these as directed by the statute "to the first person offering said sum or sums [specified in the resolution] for any or all of said certificates. That said order stand until said certificates be sold, for not to exceed a period of thirty (30) days from date hereof, or a further order of the Board of County Commissioners in

the premises." This resolution specified by number approximately 2,239 certificates and the sum for which each was to be sold. These sums varied from $1 to $668. Their total "face" was approximately $321,000, and their total sale price approximately $32,000, plus treasurer's fees. Forthwith the Klein company paid the total sale price and took all the certificates. May 3, 1928, the commissioners passed a further similar resolution listing 126 additional certificates, and these were also taken by the Klein company. It is alleged that, prior to the passage of the original resolution, the commissioners had agreed with the Klein company to sell it *all* these certificates for a lump sum; that its said resolutions, its payment to the county treasurer, and the latter's transfer to it of said certificates, were all in pursuance of said original agreement and hence all illegal and void.

It is settled in this state that, under the facts here presented, the power of the commissioners is limited by the statute to the fixing of the price at which each certificate shall be sold, and that it neither extends to a bulk sale for a lump sum nor to a particular purchaser. *Radetsky v. Palmer,* 70 Colo. 146, 199 Pac. 490. That case was decided under section 2 (erroneously stated as section 4), p. 569, L. 1913, which is section 7422, p. 1898, C. L. 1921. This was amended by said chapter 152, p. 612, L. 1927, but the portion here applicable was not materially changed.

We first dispose of several preliminary questions.

The treasurer, who was a party below, is not here, and this is urged as fatal. It sufficiently appears from the record, however, that he has deposited in court all funds and documents whose possession would require his presence, and has disclaimed. This disposes of the objection.

It is contended that plaintiffs must allege and show damages to taxpayers as a class and that they have not done so. If the allegations of the complaint are true, property of Mesa county had been illegally disposed of,

and the county had a right of action against the Klein company, which should have been prosecuted by the commissioners themselves. Failing to do this because they were parties to the wrong from which that right arose, plaintiffs, as taxpayers, acting for themselves and others, were entitled to proceed in equity. IV Dillon Municipal Corporations (5th Ed.), p. 2785, §1588.

■ Counsel for the Klein company urge the binding force of the rule that, in the absence of fraud, official records are conclusive and may not be disputed even by the officials themselves, citing, among other authorities: *Shapleigh v. Hull*, 21 Colo. 419, 424, 41 Pac. 1108; *Thatcher v. Crisman*, 6 Colo. App. 49, 53, 39 Pac. 887. But these, and other citations to the same point, involve collateral attacks. Assuming, however, that the rule is here applicable, it amounts to nothing more than an assumption of the existence of the facts recited in the resolutions, and the actual passage of such resolutions. These things, as hereinafter noted, are not disputed, and their refutation is not essential to plaintiffs' case.

■ The basis of the complaint is the charge of a bulk sale for a lump sum to a particular purchaser, and the vital question is, Did plaintiffs make a prima facie case in support of that charge? We think they did.

■ The principal witness for plaintiffs was Johnson, chairman of the board of county commissioners, cross-examined under the statute. In October, following the passage of the resolutions, a certain statement, Exhibit B, purporting to be issued and signed by all the commissioners, and fully explaining the entire transaction, appeared in the public press. Johnson made some answers which were inconsistent with some portions of Exhibit B. Those portions were called to his attention and introduced in evidence. They were clearly admissible. Johnson testified that the statement was prepared under the direction of the commissioners, that he was present when it was prepared, and that it was prepared for the purpose of publication in the local newspapers

and addressed to the public of Mesa county. Counsel for defendants took the position ''that if any part of this statement is admitted as independent evidence, that it must all go in.'' ''In view of this attitude of counsel,'' said the court, ''* * * all of Exhibits A and B are admitted.'' These exhibits were identical and this ruling was correct. It is unnecessary here to quote the exhibit. Suffice it to say that it sets forth in detail, and in unequivocal language, a contract between the commissioners and the Klein company's agent for a bulk sale for a lump sum to a particular purchaser, and justifies the transaction as one for the best interests of the county. Johnson admitted much of it, his memory was bad as to portions, and as to the remainder he explained, doubted, qualified, or failed to give, or maintain, definite answers. He directly and consistently denied no material recital of the exhibit. With such light as can be obtained from his obscure and reluctant testimony, Exhibit B, and the questioned resolutions, and facts clearly established by the record, can be read together, and, accepting the truth of the exhibit, can be reconciled, and we can understand how the resolutions can be devoid of falsehood and yet the entire transaction be illegal. Counsel at this point indulge in much interesting and illuminating argument as to whether the rule at law, that any evidence in support of a complaint defeats a nonsuit, is applicable to a motion to dismiss an action in equity. We need not examine the question because, in our view of this record, the conclusion we reach on the evidence is the only consistent and permissible one.

The resolutions are almost identical and the only portions thereof which it can be argued are inconsistent with Exhibit B are the following: ''The Board of County Commissioners find the *amounts* hereinbelow designated and set out *is* a fair and reasonable *price* for said certificates.'' Which counsel for defendants interpret thus: ''The Board of County Commissioners find the amounts hereinbelow designated and set out *are* fair and reason-

able *prices* for said certificates.'' So interpreted, the passage brands Exhibit B as false. We interpret it thus: ''The Board of County Commissioners find the *total of the* amounts hereinbelow designated and set out is a fair and reasonable price for said certificates.'' So interpreted, the clause is consistent with Exhibit B. This interpretation is further supported by the language which immediately follows the clause in the first of these resolutions, i. e., ''and that it will be to the best interest of Mesa County, Colorado, to dispose of said certificates *on a large scale.*''

The order of the board was that the treasurer sell ''all right, title and interest of Mesa county unto the aforesaid certificates * * * to the first person offering said sum or sums for any or all of said certificates.'' But when we remember that the transaction was so arranged that the Klein company was certain to be the ''first person'' and that the resolution was not made available to it until it should deposit its money, the phrases ''first person,'' ''said sum or sums,'' and ''any or all,'' become meaningless or humorous.

While not material to the question here presented, we may, with propriety, add that there is nothing in this record which impeaches the good faith of the commissioners, or raises a doubt of the truth of their statement that they believed they were acting for the best interests of the county, or, for that matter, a doubt of the fact that they were so acting, had not their acts been prohibited by law. The only reasonable inference from the case as it stands is that these commissioners believed that the law prevented them from performing an act which was for the benefit of their county and that they had found a way to evade that law. If they were so obstructed the remedy lies neither with them, nor with the courts, but with the legislature.

We are unable to escape the conclusion that plaintiffs made a prima facie case and that the motion to dismiss was erroneously sustained.

The judgment is accordingly reversed and the cause remanded for further proceedings in harmony herewith.