No. 13,692.

Klein Land Company v. Thompson et al.
(63 P. [2d] 450)

Decided December 14, 1936.

Mr. CLARENCE L. IRELAND, Mr. R. H. BLACKMAN, Mr. R. H. BLACKMAN, JR., for plaintiff in error.

Mr. GUY V. STERNBERG, Mr. E. B. ADAMS, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

T. E. Thompson and fourteen other taxpayers of Mesa county, suing for themselves and for all other taxpayers similarly situated, sued the Klein Land Company, a corporation, and others, to nullify certain resolutions of the board of county commissioners of Mesa county, abrogate sales of tax-sale certificates to the land company, enjoin the issuance of deeds based on said sales, compel an accounting, hold the land company as trustee of all money and other property involved, compel the transfer thereof to the county treasurer, and enjoin further acts based upon the questioned resolutions. At the close of plaintiffs' evidence defendants' motion to dismiss was sustained and, on December 17, 1929, judgment was entered accordingly. Plaintiffs sued out a writ of error, and this court, on June 27, 1932, reversed the judgment and remanded the cause to the district court for further proceedings in harmony with the opinion. We held that plaintiffs had made a prima facie showing of two bulk sales of tax-sale certificates, each for a lump sum and to a particular purchaser, and we held that the sales were void. *Thompson v. Board of County Commissioners of Mesa County*, 91 Colo. 214, 14 P. (2d) 194. Thereafter, on November 4, 1932, the land company tendered for filing in the district court a supplemental answer. Upon objection by plaintiffs, the court refused permission to file the same. At the retrial of the case on January 25, 1933, the testimony of witnesses given at the former trial, together with exhibits introduced at that trial, subject to objections, were admitted in evidence pursuant to stipulation. Additional evidence was introduced, and the court found and adjudged that there were two bulk sales of tax certificates, each for a lump sum and to a particular purchaser, namely, the land company, and that the sales were void. The court ordered an accounting, which was taken in due course, and a decree was entered.

The land company contends that the trial court erred: (1) In refusing to permit the filing of the supplemental answer; (2) in admitting certain evidence; and (3) in

holding that the sales were bulk sales, each for a lump sum and to a particular purchaser. The land company contends, also, (4) that there was a nonjoinder of necessary parties; (5) that in the accounting it was charged erroneously with certain items; and (6) that in the accounting certain claims for expenditures made by it were erroneously disallowed.

█ 1. Supplemental Answer.

The supplemental answer alleges, in substance, that while the suit was first pending in this court, the county sold approximately all of the property covered by the tax-sale certificates for the taxes of 1928, 1929 and 1930, that plaintiffs took no action to prevent such sales, and that by reason of such sales the county affirmed the sales of certificates to the land company, waived any right which it or the taxpayers might have had to set aside the sales and lost all interest that the county might have had in the tax-sale certificates and in the lands covered thereby.

Section 80 of the Code of Civil Procedure provides that, ''When facts occurring subsequent to the commencement of an action render it proper, the same may, *by leave of court,* be presented by supplemental pleadings * * * .'' (Italics are ours.) The matter was within the discretion of the court. Denison, Code Pleading, p. 599. In the exercise of its discretion, the court refused leave to file. We cannot say that the court abused its discretion.

█ 2. Admission of Evidence.

It is said that the court erred in admitting irrelevant testimony of two witnesses and in admitting irrelevant exhibits. The case being one in equity, the trial was to the court. The presumption is that the court did not consider irrelevant evidence in arriving at its conclusions, and nothing appears in the record to rebut that presumption; hence, if such testimony and exhibits were irrelevant, as claimed, their admission was not reversible error.

### ■ 3. Bulk Sales.

In the Thompson case, supra, we held that the plaintiffs made a prima facie case of bulk sales, each for a lump sum and to a particular purchaser. For a statement and discussion of the plaintiffs' evidence introduced at the first trial, see the Thompson case, supra. We shall not encumber this opinion by repeating what was there said. The additional evidence introduced at the second trial, taken in connection with plaintiffs' evidence introduced at the first trial, which was admitted at the second trial by stipulation, was sufficient to sustain the findings of the trial court that the two sales to the land company were bulk sales, each for a lump sum and to a particular purchaser.

### ■■ 4. Nonjoinder of Parties.

While the case was pending in the district court and also while the case was pending here the first time the land company sold and assigned some of the certificates and also sold and quitclaimed land for which it had received treasurer's deeds based upon certificates purchased by it. It is contended by the land company that the purchasers of the certificates and of the land were necessary parties defendant.

We cannot sustain the contention. The situation was made to appear at the accounting. The land company made no request that such purchasers be made parties and made no objection to their nonjoinder. The objection made at this time comes too late. Moreover, purchasers during the pendency of litigation purchase at their peril. The one from whom they purchase continues the litigation as the representative of their interest. They are not necessary parties to the suit. But if such purchasers apply to be made parties, the court, in its discretion, may grant the application when necessary to protect such purchasers' rights. *Howard v. Fisher,* 86 Colo. 493, 283 Pac. 1042. No such purchaser applied to be made a party to this suit.

### ■ 5. Disallowance of Claim for Expenditures.

The land company paid costs of obtaining treasurer's deeds, commissions for sales of tax-sale certificates and lands, commissions on certificates redeemed and refunded, salary to agent and attorney for services in connection with the deal, agent's traveling expenses, office expenses incurred by the company in connection with the deal, and miscellaneous expenses. It is said that such expenditures, plus interest on moneys invested by the company in the certificates, more than offset any profits derived from the deal, and that at the accounting the expenses incurred should have been credited to the land company. We do not agree with that contention. The land company, as we have seen, participated in bulk sales of tax-sale certificates for a lump sum and to a particular purchaser (i.e., the land company), and such transactions are in violation of law, as we repeatedly have decided. The land company is not entitled to recover moneys expended in the prosecution of that forbidden enterprise.

6. Erroneous Charges in Accounting.

The court found that the land company paid to the county for the tax-sale certificates purchased by the company $34,421.99, and that it received in cash as proceeds of the transaction $71,517.47. Judgment was entered against the land company for the difference, $37,095.48. Under order of court, the land company had deposited in court certain tax-sale certificates that had not been disposed of by the company. The court held that the plaintiffs were entitled thereto for the use of the county. The land company had delivered certain tax certificates to the county treasurer for the issuance of treasurer's deeds. The certificates and the deeds came into the custody of the court. The court held that plaintiffs were entitled thereto for the use of the county. Pursuant to order of court, the land company had deposited in court eight promissory notes given to the land company by purchasers of certificates on account of the purchase price thereof, and upon which the makers had

made part payments. The court ordered the notes cancelled.

(a) Included in the items charged to the land company are amounts paid to it as purchase price by those to whom it sold certificates and land. The land company objects to those charges. It says that if the sales to the land company were void—and that is our holding—the purchasers of certificates and land from the land company would have a claim against the company for a return of the money paid therefor, and that if the judgment in favor of the plaintiffs for the amounts so received by the company should stand, it would result in double liability. In their brief counsel for plaintiffs say: "It seems that a money judgment having been so rendered, the rights of the assignees of tax-sale certificates are not disturbed and the County of Mesa must necessarily recognize the position of such assignees as the holders and as entitled to the possession of the same. * * * Neither the plaintiffs nor the Board of County Commissioners nor the County Treasurer, as defendants, are asking for any relief against such assignees. The Board of County Commissioners has taken no exception to the judgment of the Court, nor asked any review of the case, and must be considered as having acquiesced to [in] the judgment and decree of the trial Court." In other words, as we understand counsel's contention, it is this, that as plaintiffs and the county officers acquiesced in the money judgment against the land company for the proceeds of the certificates and land sold by it, the sales by the land company were ratified and the purchasers thereby vested with title thereto, which cannot later be disturbed; hence, the judgment in favor of plaintiffs for the use of the county against the land company for the purchase price money received by it from those to whom it sold the certificates and land should not be disturbed. But the void sales cannot thus be validated. The county itself cannot do indirectly what it cannot do directly, and, of

course, the plaintiff taxpayers cannot do so. It was error to charge such items to the land company.

■ The rights, if any, of the purchasers from the land company to a return of the money paid by them can be determined in litigation between them and the land company. It is a matter with which plaintiffs and the county have no concern, and cannot be determined in this suit.

It was error to include such amounts as charges against the land company and render judgment therefor.

■ (b) Another item in the account is challenged. The land company deposited with the county a sum of money which proved to be $1,198.01 in excess of the purchase price of the certificates delivered to the company, and the money was refunded to the company. In the accounting that amount was charged to the company as money received by it and the amount was included in the judgment. The inclusion of that amount in the judgment against the land company was error.

The judgment, so far as it charges to the land company the items discussed in paragraph 6 (a) and (b) of this opinion is reversed. In all other respects the judgment is affirmed.

MR. JUSTICE BURKE sitting for MR. CHIEF JUSTICE CAMPBELL who did not participate.